## WRIGHT v. KINSEL et al.
### No. 1580—5941.

Commission of Appeals of Texas, Section A.
July 19, 1932.

Sidney P. Chandler, of Corpus Christi, for plaintiff in error.

Mann, Neel & Mann and H. G. Dickinson, all of Laredo, for defendants in error.

CRITZ, J.

This suit was originally filed in the district court of Jim Hogg county, Tex., by E. A. Kinsel and wife, against B. B. White, a National Surety Company, White's bondsmen on a building contract, for damages for the alleged failure of White, as contractor, to complete a garage building for Kinsel in Hebbronville, Tex. The case was transferred by agreement from the district court of Jim Hogg county to the district court of

Webb county, Tex. Only the parties named above were parties until after the transfer.

After the case was transferred to Webb county and while it was pending there, White was declared a bankrupt, and Jesse Wright was duly appointed trustee in bankruptcy for his estate.

After his appointment as trustee, Wright intervened in this suit in the district court of Webb county, and filed a plea in abatement, and, subject to such plea, sued E. A. Kinsel, the plaintiff, for the balance alleged to be due White on the original building contract. The First National Bank, hereafter designated the bank, was a party, but, as we understand, as a mere stakeholder.

In the suit the trustee asserted title and right of possession as against the other parties to a certain fund of $1,200 deposited in the bank. The case was tried in the district court before the court without the intervention of a jury, and resulted in a judgment for Kinsel against the bonding company for $3,250, but the bonding company was allowed a credit on such judgment for the sum of $1,200 held in a special account in the bank. This $1,200 was adjudged to be the property of Kinsel. The net result of the judgment was to give Kinsel a judgment against the bonding company for $2,050, and to adjudge him the owner of the $1,200 fund in the bank. No personal judgment was rendered against White, as he had been adjudged a bankrupt at the time of the trial.

On appeal by the trustee, the judgment of the district court was affirmed by the Court of Civil Appeals at San Antonio. 34 S.W. (2d) 350. The trustee brings error.

It seems from the record before us that E. A. Kinsel and wife entered into a building contract with B. B. White by the terms of which White was to build for Kinsel a certain garage building according to certain plans and specifications on a certain lot, at a contract price of $9,000 for the finished job. In order to raise the money to pay for the building Kinsel made arrangements with a Mr. Yeager to lend him $7,500, with a builder's and materialmen's lien on the building and lot. The balance, $1,500, Kinsel raised from other funds.

In order to carry out the above plan, Kinsel and wife executed the proper lien and notes secured thereby in favor of White, and White transferred the same with the notes thereby secured to Yeager. Yeager, for such consideration, furnished to Kinsel the $7,500 he had agreed to lend him. This $7,500 was then placed in the bank in a special fund designated "Kinsel-White Building Fund." Later, and after the above $7,500 had all been paid out to White by Kinsel, Kinsel deposited to the credit of the fund an additional $1,500.

When the above $7,500 was deposited in the bank in the name of the "Kinsel-White Building Fund," it was the property of Kinsel and subject to his check alone. White was not entitled to receive checks thereon except as the work progressed according to the contract. During the course of the construction, Kinsel paid White all of the $7,500 derived from the sale of the notes and lien to Yeager, and also paid him $300 out of the $1,500 last deposited. It is thus seen that the $1,200 left in the bank was what remained of the $1,500 last deposited, and was no part of the $7,500 first deposited.

The $1,500 deposited by Kinsel to the credit of "Kinsel-White Building Fund," as above shown, was Kinsel's own personal money, and was deposited by him in the bank in the name of the fund subject to his own check merely for his own convenience, and in order to keep his building account separate from his general account. Also, as above shown, it was deposited after the $7,500 first deposited in the fund had been exhausted.

The above facts are all found by the trial court and Court of Civil Appeals on evidence of ample legal probative force to sustain them.

The trustee presents the case in this court by various assignments, but we only consider it necessary to notice those which deal with the overruling by the trial court of his plea in abatement. These are the assignments on which the writ was granted.

We understand that the trustee contends that the bankruptcy court was the sole and only court having jurisdiction to try this case in the face of his plea in abatement in the district court.

Before proceeding to determine the above contention here advanced by the trustee, we call attention to the fact that the trustee is the only party here complaining, and the only interest he has herein is that he is claiming that Kinsel owes White $1,200 to complete what he owes on the building contract and that he (the trustee) is therefore the owner of the $1,200 in the bank as the property of the bankrupt's estate. We understand that the trustee contends that the bankruptcy court is the only tribunal that has jurisdiction to try such issues, unless the trustee should consent to the jurisdiction of the state court. We overrule these contentions.

In connection with the above it is here plainly evident that this suit as it existed prior to the bankruptcy proceedings was a simple suit in damages by Kinsel against White and his bondsmen. Had it proceeded without bankruptcy, the district court of Webb county could have rendered a personal judgment for Kinsel against White as principal, and the bonding company as surety, and could have adjudged the $1,200 in the bank the property of Kinsel. However,

when White was adjudged a bankrupt, no personal judgment could be rendered against him while the bankruptcy proceeding was pending. Furthermore, the trustee of his estate in bankruptcy succeeded to whatever rights White had in the fund. Certainly the district court of Webb county, after he intervened, had the right to proceed to try the issue of ownership of the fund in the bank between the parties, including the trustee who took White's place as a litigant thereto. National Bankruptcy Act, § 23 (U. S. Code, title 11, § 46 [11 USCA § 46]); Tex. Jur. vol. 6, p. 55 et seq. We here quote the statute above cited:

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 96, subdivision b, of this title; section 107, subdivision e, of this title; and section 110, subdivision e, of this title. (July 1, 1898, c. 541, § 23, 30 Stat. 552; Feb. 5, 1903, c. 487, § 8, 32 Stat. 798; June 25, 1910, c. 412, § 7, 36 Stat. 840.)"

A reading of the above statute clearly demonstrates that the district court had jurisdiction to try this case in the face of the trustee's plea in abatement. The $1,200 in dispute was never in the possession of White; it was never in possession of the trustee; and none of the exceptions under subdivision (b) of section 46, title 11, supra (11 US CA § 46 (b), exists in this case. It is a simple suit whereby the trustee seeks a judgment against Kinsel and title to the fund in the bank.

We have read and carefully considered the other assignments, and to our mind they have all been properly disposed of by the Court of Civil Appeals.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.